CINTRÓN, RECURRENTE, v. EL REGISTRADOR DE CAGUAS, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas, denegatoria de la inscripción de una escritura de cesión de cánones de arrendamiento.

No. 490.—Resuelto en mayo 6, 1921.

ARRENDAMIENTO—CESIÓN DE CÁNONES—DERECHOS PERSONALES NO SON INSCRIBIBLES.—Aún cuando se llenaran en la cesión de los cánones de arrendamiento todas las circunstancias exigidas en el párrafo 5°. del artículo 2°. de la Ley Hipotecaria, no sería inscribible la escritura de cesión o traspaso de cánones de arrendamiento por ser esa cesión de un derecho puramente personal.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. J. Hernández Usera.*

El Registrador recurrido, Sr. José A. Vargas, no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública de 7 de junio de 1918, Manuel Portela Cabezudo dió en arrendamiento a "The Porto Rican American Tobacco Company" una finca rústica con las casas y ranchones en ella edificados, por término de seis años a contar desde primero de junio de 1919 y precio de $5,000 anuales, a pagar por semestres adelantados, comprometiéndose la compañía arrendataria a anticipar al arrendador los $10,000 correspondientes a los cuatro primeros plazos con el descuento de un siete por ciento en concepto de intereses, cuyo contrato fué inscrito en el registro de la propiedad. Y por otra escritura posterior de 3 de julio de 1920, las mismas partes celebraron nuevo contrato de arrendamiento de dicha finca, por término de un año a contar desde el primero de junio de 1925, fecha en que vencería el anterior, por precio de $5,000.00, a pagar por semestres adelantados, conviniendo en que ese segundo contrato fuera inscrito en el registro de la propiedad, como así se verificó.

Portela Cabezudo a nombre propio y en representación de su esposa, Teresa Torres Dávila, por escritura de 16 de febrero de 1921, en que se insertaron los dos documentos anteriormente relacionados, hizo cesión a José Vicente Cintrón de los cánones de arrendamiento pendientes de cobro, de los cuales el primero había de vencer el primero de junio de 1921, ascendentes a $25,000, por precio de $18,645.83, bajo la base de un descuento del diez por ciento; conviniendo en que todos los gastos que ocasionara la escritura así como su copia inscrita en el registro de la propiedad y la carta de pago en su oportunidad para la cancelación del gravamen serían por cuenta del cedente Portela Cabezudo.

Presentada en el registro para su inscripción la anterior escritura de cesión de cánones de arrendamiento, el registrador denegó la inscripción solicitada por medio de nota que en lo pertinente dice así:

"Denegada la inscripción a que se refiere este documento * * *

por observar que la cesión de cánones de arrendamiento · a que el mismo se refiere no es inscribible en el registro de la propiedad por tratarse de una obligación personal y no de un derecho real, según la doctrina sentada por el Tribunal Supremo de Puerto Rico en los casos de *El Banco Territorial y Agrícola* v. *El Registrador,* 19 D. P. R. 1037 y *Simonds* v. *El Registrador,* 22 D. P. R. 608   *   *   *.''

Esa nota, su fecha 26 de marzo de 1921, ha sido recurrida por el cesionario José Vicente Cintrón, cuya representación alega en apoyo del recurso que la jurisprudencia citada por el registrador no es aplicable al caso, por las siguientes razones:

''1º. Porque en el caso del *Banco Territorial y Agrícola* v. *El Registrador,* 19 D. P. R. 1037, según afirma el recurrente en el caso de *Simonds* v. *El Registrador,* 22 D. P. R. 608; se trataba de un contrato de arrendamiento que no había sido inscrito en el registro de la propiedad, mientras que en el presente recurso se trata de la cesión de los cánones de dos arrendamientos de una misma finca, ambas inscritas en el registro de la propiedad por convenio expreso de las partes, siendo el primer arrendamiento de 6 años, y el segundo de un año, que expirarán el 31 de mayo de 1926, y los cánones cedidos comprenden desde el primero de junio de 1921 hasta la terminación de los 2 arrendamientos el 31 de mayo de 1926.

''2º. En el caso de *Simonds* v. *El Registrador* se trataba únicamente de la cesión de un solo canon de arrendamiento, el contrato no llegaba a 6 años, ni tampoco se convino su inscripción en el registro, mientras que en el presente recurso se trata de 2 arrendamientos que empezaron el 1 de junio de 1919 y terminarán el 31 de mayo de 1926, o sean 7 años, y en la escritura de cesión de cánones de arrendamiento se estipuló en la cláusula 4, que el señor Portela pagaría todos los gastos de la escritura y los de su copia en el registro de la propiedad, lo cual constituye un convenio de que se inscriba la escritura.

''3º. Porque en el presente recurso la escritura de cesión de cánones de arrendamiento, reune las circunstancias expresadas en el párrafo 5 del artículo 2 de la Ley Hipotecaria mientras que los contratos discutidos en los casos de *Simonds* v. *El Registrador* y *El Banco Territorial y Agrícola* v. *El Registrador* no reunían dichas condiciones.''

Admitimos que los casos citados y el presente no son idénticos en sus detalles; pero el examen de los autos muestra que la cuestión fundamental envuelta en ellos es una misma, o sea la de si es inscribible o no en el registro la cesión de cánones de arrendamiento y tal cuestión fué resuelta en el sentido de que el derecho que tiene un arrendador para recobrar las rentas o cánones del arrendatario es puramente una obligación personal entre dicho arrendador y el arrendatario y no un contrato o derecho real, no siendo por tanto inscribible su cesión o traspaso en el registro de la propiedad.

Ciertamente que según argumenta el recurrente, en el caso de *Simonds* v. *El Registrador,* dijo esta corte:

"Debe observarse de paso, aún cuando dicho artículo 30 fuera de aplicación, que el mismo requiere que los contratos a que se refiere tengan todas las circunstancias expresadas en el párrafo 5º. La cesión verificada en este caso no es por seis años, ni existe tampoco ningún convenio para su inscripción, ni ningún otro elemento por el que pueda inscribirse un contrato de arrendamiento. No hay sino una cesión de un solo canon de arrendamiento."

Pero antes del párrafo transcrito expresa claramente la corte que el artículo 30 del Reglamento de la Ley Hipotecaria "simplemente hace referencia a los sucesivos traspasos del arrendamiento y protege esencialmente al arrendatario o arrendatarios subsiguientes" y por tanto hemos de llegar a la conclusión de que aún cuando se llenaran en la cesión de los cánones de arrendamiento como realmente se llenan en el presente caso todas las circunstancias exigidas en el párrafo quinto del artículo segundo de la Ley Hipotecaria, no sería inscribible la escritura de cesión o traspaso de cánones de arrendamiento de que se trata por ser esa cesión de un derecho puramente personal. El punto fué ampliamente considerado en el caso de *Simonds* v. *El Registrador* y no necesita más razonamientos.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

Los Jueces Asociados Sres. del Toro y Hutchison disintieron.